OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
280 SOUTH FIRST STREET, ROOM 2112
SAN JOSE, CALIFORNIA 95113-3095

OFFICIAL BUSINESS

SCANNED

**FILED**

JAN 26 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO CA 940
SAN JOSE CA 950    NEOPOST          FIRST-CLASS MAIL
9 DEC 2023 PM 3 L   12/06/2023
7 DEC 2023 PM 4   US POSTAGE $000.63⁰



ZIP 95113
041M11277547

RETURN TO SENDER

NIXIE          958 13  01/12/2024

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 56998999955
SUKI IN MANUAL ONLY NO AUTOMATION

94087-542099

Mai-Trang Thi  Nguyen
1669 Hollenbeck Ave.,
Sunnyvale, CA 95050


23-cv-06047-VKD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAI-TRANG THI NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.  23-cv-06047-VKD<br><br>**ORDER PROVISIONALLY DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT**<br><br>Re: Dkt. Nos. 1, 2 |

Plaintiff Mai-Trang Thi Nguyen, who is representing herself, filed this lawsuit along with an application to proceed in forma pauperis ("IFP'). Dkt. Nos. 1, 2. Having reviewed the complaint pursuant to 28 U.S.C. § 1915(e), the Court finds that it currently does not state a claim on which relief may be granted. Accordingly, the Court provisionally denies Ms. Nguyen's IFP application. If Ms. Nguyen wishes to proceed without payment of the filing fee in this action, she may file an amended complaint and IFP application addressing the deficiencies identified below.

## I.   BACKGROUND

Ms. Nguyen alleges that after hearing about the Hamas attacks on Israeli civilians on October 7, 2023, she did "some research" on the internet and "learned that Israel is an apartheid government" and that "the U.S. government . . . has been supporting this apartheid government of Israel by sending them at least $3 billions [sic] of military aid each year." Dkt. No. 1 ¶ 6. She claims that U.S. aid to Israel violates the "Preamble of the Declaration of Independence," the Civil Rights Act of 1964, the Comprehensive Anti-Apartheid Act of 1986, and the First Amendment to the U.S. Constitution. *Id.* ¶ 8-17. Ms. Nguyen requests "$5 trillion[] if a WWIII erupts; however since America is in debt of $31 trillion[], I'll take a letter of apology [and end of U.S. aid to Israel]

1    or $25,000 for turning in this lawsuit. *Id.* ¶ 18.

2    **II.    LEGAL STANDARD**

3          A court may authorize the commencement of a civil action in forma pauperis if it is

4    satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In

5    evaluating such an application, the court should grant or deny IFP status based on the

6    applicant's financial resources alone and then independently determine whether the complaint

7    withstands review under § 1915(e)(2)(B).[1] *See Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5

8    (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

9          A court must dismiss a case filed without the payment of the filing fee whenever it

10   determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

11   may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

12   relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). A

13   complaint must include facts that are "more than labels and conclusions, and formulaic recitation

14   of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555

15   (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

16   statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is frivolous

17   if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368,

18   1370 (9th Cir. 1987).

19         In conducting its review, the Court must identify any cognizable claims and dismiss any

20   claims that fail based upon the preceding criteria. Pro se pleadings are liberally construed and

21   held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89,

22   94 (2007). This is particularly true with respect to the factual allegations in a pro se complaint.

23   *Chambers v. C. Herrera*, 78 F.4th 1100, 1108 (9th Cir. 2023).

24

25

26

27   ──────────────────
[1] "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."
28   *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

*United States District Court*
*Northern District of California*

2

## III. DISCUSSION

### A. IFP Application

The Court provisionally denies Ms. Nguyen's IFP application.

It is not clear from her affidavit that Ms. Nguyen satisfies the economic eligibility requirement of 28 U.S.C. § 1915. She reports that she is employed by "IHSS" and has a net income of $11,000 per month. Dkt. No. 2 at 1. However, other aspects of her application suggest that representation may be an error and that Ms. Nguyen is a person of limited means. She claims that she is "semi-homeless living in car & people's room[s]," receives disability benefits, and owes $50,000 in debt. *See id.* at 2-3. If Ms. Nguyen's reported income is in fact not what the application states, then she may file an amended IFP application addressing this mistake.

The Court notes that Ms. Nguyen recently has been denied IFP status and paid filing fees in other cases in this district, suggesting that she has the resources to pay the filing fee in this case. *See Nguyen v. United States*, Case. No. 22-cv-948, Dkt. Nos. 1-2, 27-1 (paid filing and appeal fees); *Nguyen v. Pelosi*, Case No. 20-cv-8755, Dkt. Nos. 5, 9, 10 (paid filing fee after IFP application was denied).

If Ms. Nguyen wishes to proceed with this action without payment of the filing fees, she may submit a corrected IFP application.

### B. Review of the Complaint

Ms. Nguyen alleges that "Israel has been an apartheid state for many decades against the Palestinians" and that U.S. aid to its government violates the Declaration of Independence's statement that "all men are created equal," the Civil Rights Act of 1964, and the Comprehensive Anti-Apartheid Act of 1986. Dkt. No. ¶¶ 8-12. She also alleges that the United States violates the establishment clause of the First Amendment by "offer[ing] $3 billion a year in military aid to an apartheid government of Israel living on stolen HOLY land where Jesus was born and where the Hamas terrorists stated that their Muhammed died & went to heaven." *Id.* ¶ 14. Ms. Nguyen claims that U.S. aid to Israel has harmed her by, among other things, causing "the mental illness of worrying that WWIII might erupt so I have to sue by writing this lawsuit to release my pain" and forcing her "to relinquish my American citizenship to go back to Vietnam to certify my

3

United States District Court
Northern District of California

1    disapproval of the [United States'] wrongdoing." *Id.* ¶¶ 11, 13.

2          As explained in more detail below, Ms. Nguyen's claims are frivolous and have no

3    plausible basis in law or fact. The complaint challenges U.S. aid to Israel and expresses a

4    "generalized grievance against allegedly illegal government conduct." *See Nguyen v. United*

5    *States*, No. 22-16074, 2023 WL 4486747, at *1 (9th Cir. July 12, 2023) (quoting *Carroll v.*

6    *Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003)). Ms. Nguyen lacks Article III standing with respect

7    to such challenge. *Id.*

8          Ms. Nguyen's first claim is based on the Declaration of Independence, but that founding

9    document does not provide any basis for a private right of action against the United States or any

10   other defendant. *See Senator v. Sentman*, No. SA CV-10-1600-SVW (PLA), 2013 WL 12244452,

11   at *19 (C.D. Cal. Apr. 10, 2013) (collecting cases).

12         Ms. Nguyen's second claim refers to the Civil Rights Act of 1964, but the complaint does

13   not specify which of the statute's provisions Ms. Nguyen intends to invoke. *See, e.g.*, 42 U.S.C.

14   §§ 2000a (prohibiting discrimination in places of public accommodation); 2000d (prohibiting

15   discrimination in federally funded programs); 2000e-2 (prohibiting discrimination in

16   employment). To the extent Ms. Nguyen intends to rely on Title VI, 42 U.S.C. § 2000d, the Court

17   notes that this provision applies to certain programs within the United States that receive federal

18   funds, but does not apply to programs conducted by the federal government itself. *See Schultz v.*

19   *The Harry S. Truman Scholarship Found.*, No. 20-CV-04058-MMC, 2021 WL 5712159, at *4

20   (N.D. Cal. Dec. 2, 2021) (citing cases).

21         Ms. Nguyen's third claim is based on the Comprehensive Anti-Apartheid Act of 1986,

22   Pub. L. 99-440, Oct. 2, 1986, 100 Stat. 1086. That statute imposed significant sanctions against

23   South Africa's white minority government. *See United States v. van den Berg*, 5 F.3d 439, 440

24   (9th Cir. 1993). However, it was repealed twenty years ago, Pub. L. 103-149, § 4(a)(1), (2), Nov.

25   23, 1993, 107 Stat. 1504, and it does not apply to any of the facts alleged in the complaint.

26         Ms. Nguyen's fourth claim is for violation of the establishment clause of the First

27   Amendment, which provides that "Congress shall make no law respecting an establishment of

28   religion . . ." The premise of the claim is Ms. Nguyen's objection that U.S. military aid supports

4

United States District Court
Northern District of California

1    Israel's occupation of "religious land." Dkt. No. 1 at 9. Ms. Nguyen does not explain how she

2    has any individual interest in the alleged U.S. support for Israel's occupation of "religious land,"

3    nor does she cite any other basis that could conceivably support such a claim against the United

4    States itself or any of its officials. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is

5    axiomatic that the United States may not be sued without its consent and that the existence of

6    consent is a prerequisite for jurisdiction.").

7         Accordingly, the Court concludes that Ms. Nguyen fails to state a claim and that, as

8    currently pled, her complaint is frivolous.

9    **IV.   CONCLUSION**

10        For the reasons described above, the Court provisionally denies Ms. Nguyen's IFP

11    application, with leave to file a corrected application. In addition, Ms. Nguyen may file an

12    amended complaint addressing the deficiencies identified above. Both the corrected IFP

13    application and the amended complaint must be filed no later than **January 3, 2024**. The

14    amended complaint must include the caption and civil case number used in this order, Case No.

15    23-cv-06047-VKD, and the words "AMENDED COMPLAINT" on the first page.

16        Ms. Nguyen is advised that any amended complaint will supersede her original complaint,

17    the latter being treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d

18    1002, 1008 (9th Cir. 2015). Consequently, the amended complaint must include all of the claims,

19    allegations and defendants that Ms. Nguyen wishes to include in this case. *See Lacey v. Maricopa*

20    *Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and

21    without leave to amend, we will not require that they be repled in a subsequent amended

22    complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider

23    those claims to be waived if not repled.").

24        If Ms. Nguyen fails to file a corrected IFP application and an amended complaint in time,

25    or if the correct application and amended complaint fail to cure all defects described above, the

26    Court will issue an order reassigning the case to a district judge with a recommendation that Ms.

27    Nguyen's IFP application be denied and/or that the complaint be dismissed in whole or in part.

28        The Court encourages Ms. Nguyen to seek out the assistance of the Federal Pro Se

Case 5:23-cv-06047-VKD    Document 6    Filed 12/04/23    Page 6 of 6

Program, which offers free legal information for pro se litigants. While the Program does not provide legal representation, a licensed attorney may assist litigants with pleadings and with other aspects of the case. Ms. Nguyen may seek assistance by contacting Haohao Song at 408-297-1480 or hsong@asianlawalliance.org.[2] Ms. Nguyen may also wish to consult a manual the Court has adopted to assist pro se litigants in presenting their case, an online version of which, as well as other free information for pro se litigants, is available on the Court's website at https://cand.uscourts.gov/pro-se.

**IT IS SO ORDERED.**

Dated: December 4, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] More information about the program is available at: https://www.cand.uscourts.gov/pro-se-litigants/the-federal-pro-se-program-at-the-san-jose-courthouse/.

6