ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4315163)
Chief, Civil Division
CHRISTOPHER F, JEU (CABN 247865)
Assistant United States Attorney

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (415) 535-5082
FAX: (408) 535-5066
Christopher.Jeu@usdoj.gov

Attorneys for Federal Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAI-TRANG THI NGUYEN,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No. 23-cv-06047-VKD<br><br>**FEDERAL DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: April 11, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 2, 5th Floor<br>Judge: Hon. Virginia K. DeMarchi |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on April 11, 2024, at 10:00 a.m. at the San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, Courtroom 2, 5th Floor, before the Honorable Virginia K. DeMarchi, Defendant United States of America will and hereby does move for an order dismissing Plaintiff's First Amended Complaint (Dkt. No. 7) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  This motion is based on this Notice, the attached Memorandum of Points and Authorities, and any oral argument that may be presented to the Court.  Pursuant to Civil Local Rule 7-3, Plaintiff's opposition must be filed no later than fourteen (14) days after the filing of this motion.

**RELIEF SOUGHT**

Defendant seeks an order dismissing the First Amended Complaint without leave to amend.

**ISSUES TO BE DECIDED**

1. Whether Plaintiff's claims should be dismissed, because Plaintiff does not have Article III standing to assert generalized grievances regarding U.S. foreign policy.

2. Whether Plaintiff's causes of action are barred by the political question doctrine.

3. Whether Plaintiff has failed to establish subject matter jurisdiction for her attenuated First Amendment claim, where it is based on non-parties' religious interests.

4. Whether Plaintiff's Leahy Law cause of action is barred, because the Leahy Law does not provide a private right of action.

5. Whether under *Iqbal/Twombly*, Plaintiff has failed to state a claim.

6. Whether the Court should deny leave to amend, where Plaintiff failed to remedy the defects in the original complaint and the flaws are incurable.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

In this First Amendment and Leahy Law case challenging the Israel-Hamas war, Plaintiff Mai-Trang Thi Nguyen ("Plaintiff") seeks a "permanent cease fire" and to prohibit the United States from providing support to Israel.  Pl.'s First Am. Compl. (Dkt. No. 7) at 2:19–23, 3:24–28, 4:12–15, and 25:4–15.  In the First Amended Complaint, Plaintiff alleges that the United States violated the First Amendment by providing military funding to Israel during its war against Hamas.  *Id.* at 5:1–16.

1  Plaintiff contends that the United States violated the First Amendment by providing military aid,
2  because Israel has "religious attachments." *Id*. at 5:10–16.  Second, Plaintiff alleges that the United
3  States violated the Leahy Amendment by providing military assistance to Israel, which Plaintiff
4  contends has "committed a gross violation of human rights." *Id*. at 12:1-17.

The Court should dismiss the Plaintiff's Amended Complaint for multiple reasons.  First, Plaintiff lacks Article III standing to bring this lawsuit, because her claims regarding foreign policy are generalized grievances.  Second, the Court does not have subject matter jurisdiction, because Plaintiff raises non-justiciable political questions.  Third, with respect to the First Amendment claim, Plaintiff has not demonstrated subject matter jurisdiction, because the attenuated claim is based on non-parties' religious interests.  Fourth, Plaintiff's claim under the Leahy Law fails, because it does not create a private right of action.  Fifth, under *Iqbal/Twombly*, Plaintiff has failed to state a claim.  *See generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Last, in view of the fatal defects in the First Amended Complaint, the Court should not grant leave to amend.

## II.   LEGAL STANDARDS

### A.   Fed. R. Civ. P. 12(b)(1)

Dismissal under Federal Rule of Civil Procedure 12(b)(1) is required where the court lacks jurisdiction.  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute[.]" *Id*. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted).  "[P]laintiffs bear the burden both of making an initial, prima facie showing of jurisdictional facts at the pleading stage and of proving those facts by a preponderance at trial." *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

### B.   Fed. R. Civ. P. 12(b)(6)

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual assertions, accepted as true, to "state a

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Mere conclusions" need not be accepted as true when deciding whether a claim is facially plausible. *Id*. at 664; *see also Kendall v. Visa U.S.A., Inc*., 518 F.3d 1042, 1046 (9th Cir. 2008) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quoting *Twombly*, 550 U.S. at 555)). Allegations that are "merely consistent with a defendant's liability," or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief," and thus are insufficient to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citations and internal quotation marks omitted).

## III. BACKGROUND

### A. The Leahy Law

Two separate statutory provisions, originally proposed by Senator Patrick Leahy, impose similar restrictions on separate categories of assistance provided by the United States government to foreign security forces. One statutory provision applies to the State Department, and the other applies to the Department of Defense ("DoD"). The State Department Leahy Law, which was codified under 22 U.S.C. § 2378d, provides that "[n]o assistance shall be furnished under this chapter or the Arms Export Control Act to any unit of the security forces of a foreign country if the Secretary of State has credible information that such unit has committed a gross violation of human rights." 22 U.S.C. § 2378d(a). The prohibition does not apply if the Secretary of State determines and reports to "appropriate congressional committees" that "the government of such country is taking effective steps to bring the responsible members of the security forces unit to justice." *Id*. § 2378d(b).

The second provision (the "DoD Leahy Law") applies to the DoD's use of funds for "training, equipment, or other assistance" for units of foreign security forces. 10 U.S.C. § 362. In particular, the DoD Leahy Law provides that "[o]f the amounts made available to the Department of Defense, none may be used for any training, equipment, or other assistance for a unit of a foreign security force if the Secretary of Defense has credible information that the unit has committed a gross violation of human

rights." 10 U.S.C. § 362(a).  But if "required by extraordinary circumstances," the Secretary of Defense may waive applicability of the DoD Leahy Law, following consultation with the Secretary of State.  *Id*. § 362(c).  The prohibition also does not apply if "the Secretary of Defense, after consultation with the Secretary of State, determines that the [foreign government] has taken all necessary corrective steps, or if the equipment or other assistance is necessary to assist in disaster relief operations or other humanitarian or national security emergencies."  *Id*. § 362(b).

      **B.**    **Procedural History**

On November 22, 2023, Plaintiff filed the original complaint and the application to proceed in forma pauperis ("IFP").  Dkt. Nos. 1 and 2.  On December 4, 2023, the Court issued a screening order provisionally denying plaintiff's IFP application.  Dkt. No. 6.  In the screening order, the Court reasoned that "Ms. Nguyen's claims are frivolous and have no plausible basis in law or fact."  *Id*. at 4.  "The complaint challenges U.S. aid to Israel and expresses a 'generalized grievance against allegedly illegal government conduct.'"  *Id*. (citing *Nguyen v. United States*, No. 22-16074, 2023 WL 4486747, at *1 (9th Cir. July 12, 2023) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003)).  "Ms. Nguyen lacks Article III standing with respect to such challenge."  Dkt. No. 6 at 4.

Regarding the First Amendment claim, the Court reasoned that "Ms. Nguyen does not explain how she has any individual interest in the alleged U.S. support for Israel's occupation of 'religious land,' nor does she cite any other basis that could conceivably support such a claim against the United States itself or any of its officials."  *Id*. at 4–5 (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

On December 13, 2023, Plaintiff filed the First Amended Complaint.  Dkt. No. 7.

      **C.**    **Plaintiff's First Amended Complaint**

In the First Amended Complaint, Plaintiff asserts two claims against the United States, seeking a "permanent cease fire" in the Israel-Hamas war and the prohibition of financial support to Israel.  Pl.'s Am. Compl. at 5:3–16, 12:1–9, and 25:9-15.

In the first cause of action, Plaintiff alleges that the United States violated the First Amendment of the Constitution by providing funding to Israel, which has "religious attachments."  *Id*. at 5:7–16.  For instance, "Israel is a state of Judaism religion."  *Id*. at 5:17–6:6.  Plaintiff also alleges that the "Hamas government" is engaged in a "religious war."  *Id*. at 8:1:1–11.  In the second cause of action, Plaintiff

alleges that the United States violated the Leahy Law by providing "military aid to Israel," due to its purported "human rights violations," such as its "cutting off electricity in Gaza." *Id*. at 12:1-13:14. In the Prayer for Relief, Plaintiff seeks "$5 trillion" if "WWIII erupts." *Id*. at 25:1–5. Otherwise, Plaintiff seeks a "letter of apology or $25,000 for turning in this lawsuit." *Id*. at 25:5–7.

## IV. ARGUMENT

### A. The Court Should Dismiss Plaintiffs' Claims, Because Plaintiff Lacks Article III Standing to Assert Generalized Claims

The Court should dismiss Plaintiff's First Amended Complaint, because Plaintiff does not have Article III standing. The gravamen of the claims is that Plaintiff challenges the United States' financial support of Israel in the Israel-Hamas war. *See* First Am. Compl. at 2:19–4:15, 5:1–16, 12:1–17, and 25:4–15. But Plaintiff's claims constitute generalized grievances regarding U.S. foreign policy.

In order to maintain a suit, the plaintiff must prove (1) that she has "suffered an injury in fact;" (2) a "causal connection" between the injury and the challenged conduct and (3) redressability by a favorable court decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). *See also Abusharar v. Hagel*, 77 F. Supp. 3d 1005, 1007 (C.D. Cal. 2014) (in case challenging support to Israel, finding lack of Article III standing). Indeed, the Ninth Circuit recently affirmed dismissal of plaintiff's claims for lack of standing, reasoning that "a 'generalized grievance against allegedly illegal government conduct' is insufficient to confer standing." *Nguyen v. United States*, No. 22-16074, 2023 WL 4486747, at *1 (9th Cir. July 12, 2023) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003)).

#### 1. Plaintiff has not incurred a cognizable injury-in-fact, as her foreign policy concerns are generalized grievances

Plaintiff cannot establish a cognizable injury-in-fact to maintain any claim against the United States, because her generalized grievances do not amount to amount to a "particularized" injury that affects plaintiff in a "personal" or "individual way*." Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, (2016). The "'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972).

A generalized grievance does not meet the requirements for Article III standing, as it is "characterized by its abstract and indefinite nature." *Mecinas v. Hobbs*, 30 F.4th 890, 897 (9th Cir.

2022) (quoting *Sisley v. U.S. Drug Enf't Admin.,* 11 F.4th 1029, 1034 (9th Cir. 2021). As this Court has reasoned, Plaintiff's claims are a "generalized grievance against allegedly illegal government conduct." Dkt. No. 6 at 4 (citing *Nguyen*, 2023 WL 4486747, at *1 and *Carroll*, 342 F.3d at 940).

In this case, Plaintiff's claims are an expression of her generalized concerns about foreign policy decisions regarding the Israel-Hamas war. *See, e.g.*, Dkt. No. 7 at 3:24–4:15 (expressing anger regarding Israel-Hamas war and concern about "military aid" to Israel); *id.* at 7:16–28 (concern about "punishment" to the "Gazan population"); *id.* at 8:10–28 (seeking "equal rights" for Gazans). But Plaintiff, who resides in the United States, has not been personally harmed in course of the Israel-Hamas war. *See* Pl.'s Am. Compl. at 1–3 (*e.g.*, venue based on living in N.D. Cal.). Thus, Plaintiff's alleged injury is not "concrete or particularized," as she has asserted a general grievance about the government's actions in foreign policy, and she seeks relief that "no more directly and tangibly benefits" her than the general public. *Lujan*, 504 U.S. at 573–74. Thus, Plaintiff lacks Article III standing.

## 2. Plaintiff's requested relief would not redress the alleged injuries

In addition, Plaintiff does not have standing, because her alleged injuries are not redressable. For Article III redressability, Plaintiff must show that the relief sought is "both (1) substantially likely to redress their injuries; and (2) within the district court's power to award." *Juliana v. United States*, 947 F.3d 1159, 1170 (9th Cir. 2020). Even if the plaintiff were to request relief from the defendant, "there is no redressability if a federal court lacks the power to issue such relief." *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018).

First, with respect to Plaintiff's Leahy Law claim, Plaintiff's claims are not redressable. For instance, even assuming that there were arguably a violation of the Leahy Law, *see* 22 U.S.C. § 2378d(a), 10 U.S.C. § 362(a), the United States government could meet the exceptions to the Leahy Law. *See, e.g.,* 22 U.S.C. § 2378d(b) (exception if the Secretary of State "determines and reports to the appropriate congressional committees that the government of such country is taking effective steps to bring the responsible members of the security forces unit to justice."); 10 U.S.C. § 362(b) (exception "if the Secretary of Defense, after consultation with the Secretary of State, determines that the government of such country has taken all necessary corrective steps, or if the equipment or other assistance is necessary to assist in disaster relief operations or other humanitarian or national security emergencies.").

FED. DEF.'S MOT. TO DISMISS FIRST AM. COMPL.
CASE NO. 23-CV-06047-VKD                                                  6

1    Second, Plaintiff seeks a "permanent ceasefire" in the Israel-Hamas war, relief that would depend upon the actions of third parties that "the courts cannot presume either to control or to predict." *Lujan*, 504 U.S. at 562.

**B.    Plaintiff's Claims are Barred By the Political Question Doctrine**

The Court should also dismiss Plaintiff's causes of action, because the central issue – whether the U.S. should provide assistance to Israel – presents a non-justiciable political question. "The political question doctrine excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." *Japan Whaling Ass'n v. Am. Cetacean Soc.*, 478 U.S. 221, 230 (1986). Issues of foreign affairs predominantly, though not always, fall under the executive and legislative branches, and "the courts consistently defer to those branches. *Alperin v. Vatican Bank*, 410 F.3d 532, 549 (9th Cir. 2005) (citing *Am. Ins. Ass'n v. Garamendi*, 539 U.S. 396, 422 n.12 (2003)).

In *Baker v. Carr*, the Supreme Court "outlined six independent tests for determining whether courts should defer to the political branches on an issue," including: [1] "a textually demonstrable constitutional commitment of the issue to a coordinate political department;" [4] "the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government;" [5] "an unusual need for unquestioning adherence to a political decision already made;" and [6] "the potentiality of embarrassment from multifarious pronouncements by various departments on one question." *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007) (discussing *Baker v. Carr*, 369 U.S. 186, 211 (1962)) (numbering in *Corrie*).

In *Corrie*, the Ninth Circuit analyzed a claim arising from U.S. support of Israel, and it reasoned that the "conduct of the foreign relations of our government is committed by the Constitution to the executive and legislative [branches] . . . and the propriety of what may be done in the exercise of this political power is not subject to judicial inquiry or decision." 503 F.3d at 982 (quoting *Oetjen v. Cent. Leather Co.*, 246 U.S. 297, 302 (1918)). Accordingly, the Ninth Circuit held that it lacked subject matter jurisdiction, in view of *Baker* tests one, four, five, and six. *Id.* at 982–83.

Likewise, in *Defense for Children International-Palestine v. Biden*, the Northern District of California recently held that the political question doctrine barred plaintiffs' claims arising from the

1  Israel-Hamas war. No. 23-cv-05829-JSW, 2024 WL 390061, at *3–5 (N.D. Cal. Jan. 31, 2024).
2  "Plaintiffs' claims fail the first *Baker* factor because the judiciary 'cannot intrude into our government's
3  decision to grant military assistance to Israel . . . [as] that foreign policy decision is committed under the
4  Constitution to the legislative and executive branches." *Id*. at *4 (quoting *Corrie*, 503 F.3d at 983).

5  Likewise, in *Abusharar*, the Central District of California held that it did not have subject matter
6  jurisdiction over Leahy Act claim regarding military support to Israel. *Abusharar*, 77 F. Supp. 3d at
7  1006. As the *Abusharar* court reasoned, "[t]he decision to provide military support to a foreign nation is
8  a quintessential political question that this Court cannot review." *Id.*

9  Here, Plaintiff challenges the United States' authority to provide military aid to Israel. *See* Dkt.
10 No. 7 at 25:9-15. Plaintiff's claims would "intrude into our government's decision to grant military
11 assistance to Israel," which is a "foreign policy decision" that is "committed under the Constitution to
12 the legislative and executive branches." *Defense for Children International-Palestine*, 2024 WL
13 390061, at *4. Thus, Plaintiff's claims are nonjusticiable under the first *Baker* test. *See id.*

14 Likewise, Plaintiff's claims are nonjusticiable under the fourth, fifth, and sixth *Baker* tests.
15 Plaintiff challenges the United States' past and ongoing funding to Israel. The court should be mindful
16 of the "potential for causing international embarrassment were a federal court to undermine foreign
17 policy decisions in the sensitive context of the Israeli-Palestinian conflict." *Corrie*, 503 F.3d at 984.
18 The Court should follow *Corrie*, *Defense for Children International-Palestine*, and *Abusharar* and hold
19 that Plaintiffs' claims raise nonjusticiable political questions.

20       **C.    Plaintiff Has Not Established Subject Matter Jurisdiction for Her
            First Amendment Claim, as the Attenuated Cause of Action is Based on Non-
21             Parties' Religious Interests**

22 The Court should dismiss Plaintiff's First Amendment claim, because Plaintiff has not
23 established that the Court has subject matter jurisdiction for this attenuated claim. "It is axiomatic that
24 the United States may not be sued without its consent and that the existence of consent is a prerequisite
25 for jurisdiction." *Mitchell*, 463 U.S. at 212. Plaintiff bears the burden of showing jurisdiction.
26 *Kokkonen*, 511 U.S. at 377. The courts do not have subject matter jurisdiction over claims that are "so
27 attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536
28 (1974). As the Court reasoned in the Screening Order, Plaintiff "does not explain how she has any

individual interest in the alleged U.S. support for Israel's occupation of 'religious land.'" Dkt. No. 6 at 5. Nor has Plaintiff identified "any other basis that could conceivably support such a claim against the United States itself or any of its officials." *Id.* (citing *Mitchell*, 463 U.S. 206).

In the First Amended Complaint, Plaintiff's allegations are based on concerns about *non-parties'* religious interests. *See, e.g.,* Dkt. No. 7 at 5:17–28 ("Israel is a state of Judaism religion"); *id*. at 6:1–15 (discussing disputed territory as "religious land"). Accordingly, Plaintiffs' claims are not based on her own religious interests. Accordingly, Plaintiff has not established subject matter jurisdiction for the First Amendment claim.

### D. The Leahy Law Does Not Create a Private Right of Action

In addition, Plaintiff's Leahy Law claim should be dismissed, because the Leahy Law does not provide a private cause of action to enforce its terms. "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 276 (2001). In *Abusharar,* the Central District of California found that there was "no private right of action under the Leahy Amendment." 77 F. Supp. 3d at 1006. "The judicial task is to interpret the statute . . . to determine whether it displays an intent to create not just a private right but also a private remedy." *Id.* (quoting *Alexander*, 532 U.S. at 286). "The Leahy Amendment shows no evidence of such an intent." *Id.* The *Abusharar* court reasoned that although the Leahy Law "clearly means to deter human rights violations, there is no language indicating that a private enforcement right exists." *Id.* "On the contrary, the statute is directed specifically to the executive branch, and directly empowers the secretary of state to determine when a human rights violation occurs so that foreign aid may be halted." *Id*. at 1006–07. "Thus, absent additional 'rights-creating language,' the Court cannot entertain a private right of action." *Id.* The Court should follow *Abusharar* and find there is no private cause of action.

### E. Under *Iqbal/Twombly*, Plaintiff Has Not Stated a Plausible Claim for Relief

In the alternative, the Court should dismiss Plaintiff's First Amended Complaint in its entirety due to the failure to state a claim. Plaintiff's "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Plaintiff may not rely on "bare assertion[s]." *See Williams v. California*, 764 F.3d 1002, 1017 (9th Cir. 2014) (dismissing claim based on "boilerplate allegation" that failed to "rise above the speculative level"). Nor may Plaintiff rely on "unadorned, the-

1 defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citing Fed. R. Civ. P. 8).

2 Under *Iqbal/Twombly*, Plaintiff has failed to state a claim. Rather, Plaintiff's claims are based on generalized grievances regarding the Israel-Hamas war. *See* Section IV.A. Plaintiff has failed to plausibly explain why she is entitled to relief, particularly where the First Amendment religious interests are those of non-parties. *See* Section IV.C. Moreover, with respect to Plaintiff's Leahy Law claim, both the State Department Leahy Law and the DoD Leahy Law include statutory exceptions. *See* Sections III.A and IV.D. Thus, Plaintiff has failed to state a plausibly claim for relief.

### F. The Court Should Not Grant Leave to Amend

In general, the court should allow a pro se plaintiff leave to amend his or her complaint "unless the pleading could not possibly be cured by the allegation of other facts." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (internal quotation marks and citations omitted). Where a pleading is dismissed for failure to state a claim, "[a]lthough there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citations omitted). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the deficiencies cannot be cured by amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Here, Plaintiff already received the opportunity to amend but again has failed to state a claim. Moreover, the deficiencies are fundamental and incurable. Thus, leave to amend should be denied.

### V. CONCLUSION

For the foregoing reasons, the Court should dismiss the First Amended Complaint without leave to amend.

DATED: February 20, 2024

                                        ISMAIL J. RAMSEY
                                        United States Attorney

|   |   |
|---|---|
| 1 | /s/ Christopher F. Jeu |
| 2 | CHRISTOPHER F. JEU<br>Assistant United States Attorney<br>Attorneys for Federal Defendant |

FED. DEF.'S MOT. TO DISMISS FIRST AM. COMPL.
CASE NO. 23-CV-06047-VKD                     11