UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MAI-TRANG THI NGUYEN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 23-cv-06047-VKD

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 18

Plaintiff Mai-Trang Thi Nguyen, who is representing herself, filed this lawsuit claiming that the United States' support of Israel in its military campaign against Hamas in the Gaza Strip violates the First Amendment. Dkt. No. 7.[1] The United States moves to dismiss Ms. Nguyen's first amended complaint ("FAC") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule12(b)(6). Dkt. No. 18. Ms. Nguyen opposes this motion. Dkt. No. 23.[2]

---

[1] All named parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 5, 17.

[2] Ms. Nguyen's opposition includes a single page "revised claim" under the First Amendment. Dkt. No. 23 at ECF 11. To the extent that this is an attempt to file an amended complaint, *see* Fed. R. Civ. P. 15(a)(1)(B), (a)(2), it violates Civil Local Rule 10-1, requiring that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." However, even if the Court were to consider Ms. Nguyen's reference to a "revised claim" as a request for leave to amend, such amendment would be futile.

After briefing on the United States' motion to dismiss was completed, Ms. Nguyen made several additional filings with the Court. *See* Dkt. No. 32 ("Evidence for Dismissal Hearing"); Dkt. No. 33 ("Second Evidence for Dismissal Hearing"). These filings are not permitted by the Civil Local Rules. *See* Civil L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval. . . ."). The Court does not consider them.

The Court previously found this motion suitable for determination without oral argument. *See* Civil L.R. 7-1(b); Dkt. No. 29. Upon consideration of the moving papers and the applicable law, the Court grants the United States' motion to dismiss for lack of subject matter jurisdiction and dismisses Ms. Nguyen's FAC without leave to amend. The Court does not reach the United States' argument that the FAC should be dismissed for failure to state a claim.

## I.     BACKGROUND

Ms. Nguyen filed her original complaint in this action, along with an application to proceed in forma pauperis ("IFP"), on November 22, 2023. Dkt. Nos. 1, 2. She alleged that, after hearing about the Hamas attacks on Israeli civilians on October 7, 2023, she did "some research" on the internet and "learned that Israel is an apartheid government" and that "the U.S. government . . . has been supporting this apartheid government of Israel by sending them at least $3 billions [sic] of military aid each year." Dkt. No. 6 at 1 (quoting Dkt. No. 1 ¶ 6). Claiming that this aid violated the establishment clause of the First Amendment, the Declaration of Independence, and several statutes, she requested: "$5 trillion[] if a WWIII erupts; however since America is in debt of $31 trillion[], I'll take a letter of apology [and end of U.S. aid to Israel] or $25,000 for turning in this lawsuit." *Id.* at 1-2 (quoting Dkt. No. 1 ¶ 18).

The Court issued an order provisionally denying Ms. Nguyen's IFP application and screening her complaint pursuant to 28 U.S.C. § 1915(e). *See* Dkt. No. 6. Although the Court found that Ms. Nguyen's claims were "frivolous and [had] no plausible basis in law or fact," it granted her leave to file an amended complaint addressing the deficiencies it identified. *Id.* at 4-5.

Abandoning her request to proceed IFP, Ms. Nguyen paid the filing fee and filed the FAC. Dkt. Nos. 7, 8. The factual allegations in the FAC are substantially similar to those in Ms. Nguyen's original complaint. The FAC alleges that Israel is an "apartheid government" and receives billions of dollars in military aid from the U.S. government. *See* Dkt. No. 7 at 4. Ms. Nguyen asserts that this aid violates the establishment clause of the First Amendment because "Israel is a state of Judaism religion." *Id.* at 5. She also asserts that aid to Israel violates the

2

"Leahy Law," because Israel has committed "gross violation[s] of human rights."[3] *Id.* at 12. However, Ms. Nguyen abandoned her "Leahy Law" claims in her opposition the motion to dismiss. *See* Dkt. No. 23 at ECF 20. As in her original complaint, Ms. Nguyen requests $5 trillion dollars, "if a WWIII erupts," a letter of apology and an end of U.S. military aid to Israel, or $25,000. Dkt. No. 7 at 25.

## II. LEGAL STANDARD

A Rule 12(b)(1) motion to dismiss challenges a federal court's jurisdiction over the subject matter of the plaintiff's complaint. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack"). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). The Court construes the United States' motion to dismiss as raising a facial attack on jurisdiction. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack on jurisdiction, the record is limited to the complaint and materials that may be judicially noticed. *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017). Additionally, the Court accepts the well-pled allegations of the complaint as true, draws all reasonable inferences in plaintiff's favor, and determines whether the allegations are sufficient to support jurisdiction. *Id.*

As the party asserting federal subject matter jurisdiction, Ms. Nguyen bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. DISCUSSION

The United States argues for dismissal on four separate grounds: (1) Ms. Nguyen lacks Article III standing because she asserts only a generalized grievance against U.S. foreign policy;

---

[3] The Leahy Amendments bar the State Department and the Department of Defense from "providing congressionally appropriated funds to any unit of a foreign country's security forces if there [is] credible evidence that the unit 'has committed gross violations of human rights.'" *Cameranesi v. United States Dep't of Def.*, 856 F.3d 626, 631 (9th Cir. 2017) (cleaned up); *see also* 22 U.S.C. § 2378d (State Department Leahy Amendment); 10 U.S.C. § 362 (Department of Defense Leahy Amendment).

(2) Ms. Nguyen's claims raise nonjusticiable political questions; (3) the Court lacks subject matter jurisdiction over Ms. Nguyen's First Amendment claim because it is based on non-parties' religious interests; and (4) Ms. Nguyen has failed to state a claim on which relief can be granted. *See* Dkt. No. 18 at 1.  It also argues that the Court should dismiss Ms. Nguyen's FAC without leave to amend.  *Id.*

Because the Court concludes that Ms. Nguyen's claims are barred by either of the first two grounds and cannot be cured by amendment, it does not address the United States' remaining arguments.

### A. Standing

Under Article III of the Constitution, federal courts have jurisdiction to decide only actual "Cases" or "Controversies."  U.S. Const., art. III, § 2.  To have standing to sue, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  The claimed injury must be both "particularized" and "concrete."  A "particularized" injury is one that "'affect[s] the plaintiff in a personal and individual way.'"  *Spokeo, Inc.*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560 n.1).  A "concrete" injury "must actually exist" and must be "real, and not abstract."  *Id.* at 340.  Standing is a jurisdictional issue properly addressed under Rule 12(b)(1).  *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

In its order screening Ms. Nguyen's original complaint, the Court concluded that Ms. Nguyen lacked Article III standing because the complaint expressed only a "generalized grievance against allegedly illegal government conduct."  Dkt. No. 6 at 4 (quoting *Nguyen v. United States*, No. 22-16074, 2023 WL 4486747, at *1 (9th Cir. July 12, 2023)).  The United States argues that the same is true of the FAC.  Dkt. No. 18 at 5.  The Court agrees.

Ms. Nguyen does not allege she has suffered an injury in fact caused by the United States.  As the Court concluded in its screening order, her claims about the unconstitutionality of U.S. aid to Israel raise only "only a generally available grievance about government—claiming only harm to . . . every citizen's interest in proper application of the Constitution and laws."  *Lujan*, 504 U.S.

1   at 573; *see also Latham v. Biden*, No. 23-cv-12834-JEK, 2024 WL 923501, at *2 (D. Mass. Mar.
2   4, 2024) ("[Plaintiff's objection] to President Biden's support for Israel and to the use of 'funds
3   from Congress' to support Israel in the aftermath of the October 7, 2023 attack by Hamas [] asserts
4   only a generalized grievance about the President's and Congress's policies with respect to
5   Israel."); *Lindsay v. N. Atl. Treaty Org.*, No. 23-cv-0546-KKE, 2024 WL 248705, at *1-2 (W.D.
6   Wash. Jan. 23, 2024) (stating the same).

In the FAC and in her other submissions to the Court, Ms. Nguyen details various ways that she claims to be personally impacted by U.S. aid to Israel, including the fact that she "suffers immense anxiety and fear" and "as a disabled [person]," she is concerned that she "would be the first to die in a Jihadi's event in America, mass shooting in American, [and] especially in a WWIII." Dkt. No. 7 at 23. She also claims to have "changed her way of living by jailing herself at home" and "chose[n] to relinquish her American Citizen[ship] to return to Vietnam because Vietnam might be a safe country to go to if there is a [WWIII.]" *Id.* To the extent these allegations could constitute injuries in fact, none of them are fairly traceable to the constitutional violations Ms. Nguyen alleges. Her concerns about a "WWIII" and other negative consequences from U.S. aid to Israel invoke a "speculative chain of possibilities" and "rest on speculation about the decisions of independent actors." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013). As for Ms. Nguyen's allegations about actions she has taken herself, these fail to support standing as a plaintiff "cannot manufacture standing merely by inflicting harm on [herself] based on [her] fears of hypothetical future harm." *Id.* at 416.

Because Ms. Nguyen fails to allege a concrete and particularized injury that is fairly traceable to the misconduct alleged in her FAC, she lacks standing under Article III and there is no justiciable case or controversy.

### B.     Political Question

"The political question doctrine excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." *Japan Whaling Ass'n v. Am. Cetacean Soc.*, 478 U.S. 221, 230 (1986). In *Baker v. Carr*, the Supreme Court identified six

independent tests for determining whether a dispute presents a political question:

> Prominent on the surface of any case held to involve a political question is found [1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or [2] a lack of judicially discoverable and manageable standards for resolving it; or [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or [5] an unusual need for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

369 U.S. 186, 217 (1962). "[D]isputes involving political questions lie outside of the Article III jurisdiction of federal courts." *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007).

The United States argues that the "the central issue [of Ms. Nguyen's complaint]—whether the U.S. should provide assistance to Israel—presents a non-justiciable political question." Dkt. No. 18 at 7. The Court agrees.

"The conduct of the foreign relations of our government is committed by the Constitution to the executive and legislative branches and the propriety of what may be done in the exercise of this political power is not subject to judicial inquiry or decision." *Corrie*, 503 F.3d at 982 (quoting *Oetjen v. Cent. Leather Co.,* 246 U.S. 297, 302 (1918)). While "[not] every case or controversy which touches foreign relations lies beyond judicial cognizance," the "resolution of such issues frequently turn[s] on standards that defy judicial application[,] involve[s] the exercise of a discretion demonstrably committed to the executive or legislature[, or] uniquely demand[s a] single-voiced statement of the Government's views." *Baker*, 369 U.S. at 211.

As the United States notes, Ms. Nguyen is not the first to challenge the legality of U.S. aid to Israel, before or after the events of October 7, 2023. *See* Dkt. No. 18 at 7-8. Reviewing a challenge to the U.S. government's provision of bulldozers to the Israeli Defense Forces, the Ninth Circuit determined that it was a political question under several of the tests identified in *Baker v. Carr*. *Corrie*, 503 F.3d at 983 ("Whether to grant military or other aid to a foreign nation is a political decision inherently entangled with the conduct of foreign relations. . . Plaintiffs' claims

1   can succeed only if a court ultimately decides that Caterpillar should not have sold its bulldozers
2   to the IDF. . . [T]hat foreign policy decision is committed under the Constitution to the legislative
3   and executive branches."); *id.* ("Plaintiffs' action also runs head-on into the fourth, fifth, and sixth
4   *Baker* tests because whether to support Israel with military aid is not only a decision committed to
5   the political branches, but a decision those branches have already made."); *see also Abusharar v.*
6   *Hagel*, 77 F. Supp. 3d 1005, 1006 (C.D. Cal. 2014) (challenge to U.S. military aid based on
7   human rights abuses in Gaza was political question). In recent months, other courts have reached
8   similar conclusions regarding challenges to U.S. military aid to Israel in the context of Israel's
9   current war in Gaza. *See Def. for Child. Int'l-Palestine v. Biden*, No. 23-cv-05829-JSW, 2024 WL
10  390061, at *4 (N.D. Cal. Jan. 31, 2024) (quoting *Haig v. Agee*, 453 U.S. 280, 292 (1981))
11  ("Plaintiffs' request to have this Court enjoin the government of the United States from providing
12  military or financial assistance to Israel invokes matters are 'intimately related to foreign policy
13  and national security' and are 'largely immune from judicial inquiry and interference.'"); *Latham*,
14  2024 WL 923501, at *2 (Plaintiff's request to "direct the defendant, President Joseph Biden, to
15  stop supporting Israeli Prime Minister Benjamin Netanyahu" was "foreclosed by the political
16  question doctrine.").

17      Ms. Nguyen's FAC suffers from these same deficiencies. She asks the Court to second
18  guess foreign policy decisions that the Constitution has expressly committed to the political
19  branches. *See Corrie*, 503 F.3d at 982; *see also Mobarez v. Kerry*, 187 F. Supp. 3d 85, 92 (D.D.C.
20  2016) (Ketanji Brown Jackson, J.) ("[I]f the court is being called upon to serve as a forum for
21  reconsidering the wisdom of discretionary decisions made by the political branches in the realm of
22  foreign policy or national security, then the political-question doctrine is implicated, and the court
23  cannot proceed.") (cleaned up). Because these questions are "inextricable" from the factual
24  allegations and legal claims in Ms. Nguyen's FAC, these clams must be dismissed. *See Alperin v.*
25  *Vatican Bank*, 410 F.3d 532, 544 (9th Cir. 2005) (quoting *Baker*, 369 U.S. at 217).

26  **IV.    CONCLUSION**
27      For the foregoing reasons, Ms. Nguyen does not have standing to assert a First
28  Amendment claim and her allegations implicate nonjusticiable political questions. Accordingly,

the Court grants the United States' motion to dismiss for lack of subject matter jurisdiction.

Ordinarily, "a district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (cleaned up). Here, Ms. Nguyen has already been granted leave to amend once, *see* Dkt. No. 6, and her opposition does not indicate that she is able to cure the deficiencies identified above, *see* Dkt. No. 23. Under these circumstances, it is absolutely clear that the deficiencies in the FAC could not be cured by amendment. Thus the Court dismisses this action without leave to amend.

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: April 1, 2024

*[signature]*

VIRGINIA K. DEMARCHI
United States Magistrate Judge